## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DENIZEN LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| WPP GROUP USA, INC., J. WALTER | ) | Civil Action No._____ |
| THOMPSON COMPANY, J. WALTER | ) | |
| THOMPSON U.S.A., INC., MINDSHARE | ) | **JURY TRIAL DEMANDED** |
| ENTERTAINMENT USA, LLC, | ) | |
| GROUP M WORLDWIDE, INC., | ) | |
| NBC UNIVERSAL, INC., and LIFETIME | ) | |
| ENTERTAINMENT SERVICES, LLC | ) | |
| Defendants. | ) | |
| | ) | |

## VERIFIED COMPLAINT

For its complaint plaintiff Denizen LLC ("Denizen"), by and through the undersigned attorneys, alleges as follows:

## THE PARTIES

1.      Denizen is a Delaware limited liability company with its principal place of business located in the state of Maryland.  Denizen's predecessor company is One Eye Limp One Eye One Eye, LLC.

2.      Defendant WPP Group USA, Inc. ("WPP") is a Delaware corporation with, upon information and belief, its principal place of business located in New York, New York.

3.      Defendant J. Walter Thompson Company is a Delaware corporation with, upon information and belief, its principal place of business located in New York, New York.

4.      Defendant J. Walter Thompson U.S.A., Inc. is a Delaware corporation with, upon information and belief, its principal place of business located in New York,

New York.  (J. Walter Thompson U.S.A., Inc. and J. Walter Thompson Company are collectively referred to herein as "JWT")

5.      Defendant Mindshare Entertainment USA, LLC is a Delaware limited liability with, upon information and belief, its principal place of business located in New York, New York.

6.      Defendant Group M Worldwide, Inc. is a Delaware corporation with, upon information and belief, its principal place of business located in New York, New York. Upon information and belief, Group M Worldwide, Inc. does business as "GroupM," "Mindshare," and "Mindshare USA."   (Group M Worldwide, Inc. and Mindshare Entertainment USA, LLC are collectively referred to herein as "Mindshare.")

7.      Defendant NBC Universal, Inc. ("NBC") is a Delaware corporation with, upon information and belief, its principal place of business located in New York, New York.

8.      Defendant Lifetime Entertainment Services, LLC ("Lifetime") is a Delaware limited liability company with, upon information and belief, its principal place of business located in New York, New York.  (WPP, JWT, Mindshare, NBC, and Lifetime are collectively referred to herein as "Defendants.")

**JURISDICTION AND VENUE**

9.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

10.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

11.     Venue is proper in this District pursuant to §§ 1391(b), (c) and 1400(b).

**DENIZEN'S PATENT**

12.     On February 2, 2005, United States Patent No. 6,859,936 (the "'936

patent"), entitled "Method and System for Producing Program-Integrated Commercials," was issued to John L. Makowski, Jr. and Steven C. Intlekofer.  The '936 patent was duly and legally assigned to Denizen, and Denizen has full rights to sue, enforce, and recover damages for all infringements of the '936 patent.  A true and correct copy of the '936 patent is attached to this Complaint as Exhibit A and is incorporated by reference herein.

## COUNT I

### (Infringement of the '936 patent – WPP, Mindshare, and Lifetime)

13.     Denizen realleges and incorporates herein by reference the allegations stated in paragraphs 1-12 of this Complaint.

14.     On information and belief, WPP, Mindshare, and Lifetime have been infringing and continue to infringe, contributorily infringe and/or induce infringement of the '936 patent by making, using, selling, and/or offering for sale products which infringe the '936 patent, including, but not limited to, the advertisements referred to as "Rules for Skin Season Vignettes" found at http://www.mylifetime.com/fun-games/sweeps/rules-for-skin-season.

15.     By reason of WPP's, Mindshare's, and Lifetime's infringing activities, Denizen has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

16.     On information and belief, at least WPP's and Mindshare's infringement, contributory infringement, and/or inducement of others' infringement of the '936 patent have taken place with full knowledge of the '936 patent and have been intentional, deliberate, and willful, making this an exceptional case and entitling Denizen to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

17.     WPP's, Mindshare's, and Lifetime's acts complained of herein have damaged and will continue to damage Denizen irreparably.   Denizen is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## COUNT II

### (Infringement of the '936 patent – WPP, JWT, and NBC)

18.     Denizen realleges and incorporates herein by reference the allegations stated in paragraphs 1-17 of this Complaint.

19.     On information and belief, WPP, JWT, and NBC have been infringing and continue to infringe, contributorily infringe and/or induce infringement of the '936 patent by making, using, selling, and/or offering for sale products which infringe the '936 patent, including, but not limited to, Microsoft Bing advertisements involving NBC's television show "The Philanthropist," a reproduction of which can be found at http://www.youtube.com/watch?v=nt2r0ibNmJU.

20.     On information and belief, at least WPP's, JWT's, and NBC's infringement, contributory infringement, and/or inducement of others' infringement of the '936 patent have taken place with full knowledge of the '936 patent and have been intentional, deliberate, and willful, making this an exceptional case and entitling Denizen to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

21.     By reason of WPP's, JWT's, and NBC's infringing activities, Denizen has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

22.    WPP's, JWT's, and NBC's acts complained of herein have damaged and will continue to damage Denizen irreparably.  Denizen is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## JURY DEMAND

Denizen hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Denizen prays that it have judgment against Defendants for the following:

a.    A decree that the Defendants have infringed the '936 patent by making, using, selling, and/or offering for sale products and services covered by one or more claims of the '936 patent;

b.    A permanent injunction against Defendants and their respective affiliates, subsidiaries, officers, directors, employees, agents, representatives, servants, licensees, attorneys, successors, assigns, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '936 patent;

c.    A decree that at least WPP's, Mindshare's, JWT's, and NBC's infringement of the '936 patent has been, and continues to be, willful and deliberate;

d.    An award to Denizen of damages that are adequate to fully compensate it for the Defendants' infringement of the '936 patent, together with the prejudgment interest and costs, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

e.    A finding that this case is "exceptional" and an award to Denizen of its costs, reasonable attorney's fees, and other expenses incurred in this action;

f.     An accounting of all infringing sales including, but not limited to, those sales not presented at trial and an award by the Court of additional damages for any such falsely marked products; and

g.     Such other and further relief, at law or in equity, to which Denizen is justly entitled.

Dated:  March 31, 2010           STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
     stamoulis@swdelaw.com
Richard C. Weinblatt #5080
     weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Attorneys for Plaintiff*